'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAYMO,<br><br>          Plaintiff,<br><br>     v.<br><br>DEFINITIVE CONSULTING<br>SERVICES LLC, et al.,<br><br>          Defendants. | CV 20-1474-RSWL-SPx<br><br>**ORDER re:<br>PLAINTIFF'S MOTION<br>FOR DEFAULT JUDGMENT**<br>[37] |

     Plaintiff Timothy Raymo ("Plaintiff") brings this Action [1] against Defendants Definitive Consulting Services LLC and Justin Laurer (collectively, "Defendants") for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").[1]

_____

     [1] Plaintiff also brought this Action against Defendant Nicholas Engle.  See generally First Am. Compl. ("FAC"), ECF No. 23.  On October 13, 2021, Plaintiff voluntarily dismissed Defendant Engle from this Action such that only Defendants Definitive Consulting LLC and Justin Laurer remain.  See Notice of Dismissal, ECF No. 29.

1    Currently before the Court is Plaintiff's Motion

2    for Default Judgment ("Motion") [37].  Having reviewed

3    all papers submitted pertaining to the Motions, the

4    Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS**

5    the Motion.

6                    **I.   BACKGROUND**

7    **A.   Factual Background**

8        Plaintiff alleges the following in his First

9    Amended Complaint ("FAC"):

10       On or about August 1, 2019, Defendants began

11   calling Plaintiff to collect a consumer debt allegedly

12   owed by Plaintiff, a resident of Texas.  First Am.

13   Compl. ("FAC") ¶ 7, ECF No. 23.  Defendants left a pre-

14   recorded message for Plaintiff, which stated: "There is

15   currently a court order being filed to suspend all

16   activity with your social security number and name.  To

17   review all immediate rights and actions, contact us at

18   888-970-1217.  Once again, 888-970-1217." Id. ¶ 8.

19       Plaintiff, harassed and concerned by Defendants'

20   message, retained counsel.  Id. ¶ 10.  Plaintiff's

21   counsel determined that Defendants had been attempting

22   to collect a consumer debt allegedly owed by Plaintiff.

23   Id. ¶ 11.  Defendants admitted that no litigation was

24   pending against Plaintiff.  Id.  Public records also

25   show that there is no litigation pending against

26   Plaintiff.  Id. ¶ 13.

27       Defendants failed to provide Plaintiff with the

28   requisite debt validation information pursuant to 15

U.S.C. § 1692g(a) within five days of their initial
communication with Plaintiff on August 1, 2019.  Id. ¶
12.  Defendants also failed to register as debt
collectors in Texas, which they were required to do
before engaging in debt collection in Texas.  Id. ¶ 14.

**B.   Procedural Background**

Plaintiff filed the initial Complaint [1] on July
24, 2020.  On April 19, 2021, the Court granted [17]
Plaintiff's request [14] to engage in discovery prior to
the Federal Rule of Civil Procedure ("Rule") 26(f)
conference to identify and serve Defendants.

On August 16, 2021, Plaintiff filed [23] his FAC
against Defendants.  On October 13, 2021, Plaintiff
voluntarily dismissed [29] Defendant Nicholas Engle from
this Action.  On October 19, 2021, Plaintiff requested
[31, 33] the Clerk to enter default against Defendants,
which the Clerk did on October 20, 2021 [34, 35].

On March 4, 2022, Plaintiff filed the present
Motion for Default Judgment.  Defendants did not reply.

## II.   DISCUSSION

**A.   Legal Standard**

Federal Rule of Civil Procedure ("Rule") 55(b)
authorizes a district court to grant default judgment.
Pursuant to Local Rule 55-1, the party moving for
default judgment must submit a declaration establishing:
(1) when and against which party default was entered;
(2) on which pleading default was entered; (3) whether
the defaulting party is a minor, incompetent person, or

active service member; and (4) proper service.  Upon
entry of default, all factual allegations in the
complaint, except those relating to damages, are assumed
to be true.  TeleVideo Sys., Inc. v. Heidenthal, 826
F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (quoting
Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir.
1977)).  Additionally, if the defaulting party fails to
plead or otherwise defend, the court must determine that
it has subject matter and personal jurisdiction.  In re
Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

In exercising its discretion to grant default
judgment, the court must consider the following factors:
(1) possibility of prejudice to the plaintiff; (2)
merits of the substantive claim; (3) sufficiency of the
complaint; (4) sum of money at stake; (5) possibility of
disputes regarding material facts; (6) whether excusable
neglect caused the default; and (7) the strong policy
favoring decisions on the merits.  NewGen, LLC v. Safe
Cig, LLC, 840 F.3d 606, 616 (9th Cir. 2016) (quoting
Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.
1986)).

**B.  Discussion**

1.  Jurisdiction

Because Defendants have failed to appear or defend
in this Action, the Court must first determine if it has
jurisdiction over the subject matter and the parties.
See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).
Here, the Court has subject matter jurisdiction over

4

this Action for violations of the FDCPA under 28 U.S.C. § 1331. The Court has general personal jurisdiction over Defendants because they allegedly reside in California. <u>See</u> FAC ¶ 2.

    2. <u>Procedural Requirements</u>

Plaintiff has satisfied the procedural requirements for default judgment pursuant to Rule 55. Under Rule 55(a), the Court Clerk properly entered default against Defendants on October 20, 2021. <u>See</u> Default by Clerk, ECF Nos. 34, 35. Plaintiff then properly moved pursuant to Rule 55(b) for entry of default judgment.

Plaintiff has also met the procedural requirements under Local Rule 55-1.[2] <u>See</u> Mot. 2:19-3:4, ECF No. 37. In compliance with Local Rule 55-1, Plaintiff states that: (1) default was entered against Defendants on October 20, 2021 for failure to respond to the Complaint; (2) Defendants are not minors or incompetent persons; (3) Defendants are not service members; and (4) Defendants were served with the Request for Entry of Default. <u>Id.</u>

///
///

---

    [2] Local Rule 55-1 states that an application for default judgment "shall be accompanied by a declaration in compliance" with Rule 55. L.R. 55-1. Plaintiff did not submit a declaration but rather, provided in his Motion the requisite information to satisfy Local Rule 55-1. <u>See</u> Mot. 2:19-3:4. Because no prejudice resulted from this deviation, the Court overlooks this deficiency.

1    3.  *Eitel* Factors
2       a. Factor 1: Possibility of Prejudice to
3          Plaintiff
4    The first Eitel factor concerns whether a plaintiff
5  will suffer prejudice if default judgment is not
6  entered.  See Eitel, 782 F.2d at 1471 (citation
7  omitted).  The first factor weighs in Plaintiff's favor
8  here.  Defendants have failed to appear and defend, thus
9  prejudicing Plaintiff as he would have no recourse to
10 recover on his claims if default judgment is not
11 entered.  Valentin v. Grant Mercantile Agency, Inc.,
12 2017 WL 6604410, at *2 (E.D. Cal. Dec. 27, 2017)
13 (finding sufficient prejudice where a defendant did not
14 appear and defend itself).
15      b. Factors 2 and 3: Sufficiency of the
16         Complaint and Merits of the Claim
17   The second and third Eitel factors call for
18 analysis of the causes of action.  See Eitel, 782 F.2d
19 at 1471 (citation omitted).  When considered together,
20 these factors "require that a plaintiff state a claim on
21 which [he] may recover."  PepsiCo, Inc. v. Cal. Sec.
22 Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).
23 Because default has been entered, all factual
24 allegations in the FAC, except those relating to
25 damages, are taken as true.  See TeleVideo, 826 F.2d at
26 917-18.
27   To state a claim under the FDCPA, a plaintiff must
28 show: (1) the plaintiff is a "consumer" as defined under

6

1    the FDCPA; (2) the defendant is a "debt collector" under

2    the FDCPA; and (3) the defendant committed some act or

3    omission outlined in the FDCPA. Valentin, 2017 WL

4    6604410, at *3 (citations omitted).  The first two

5    elements are met here.  While the FAC does not

6    affirmatively plead Plaintiff's status as a "consumer,"

7    it does state that Plaintiff owed a consumer debt that

8    Defendants were attempting to collect.  See FAC ¶ 7.

9    This is sufficient to meet the first element under the

10   FDCPA.  See 15 U.S.C. 1692a(3) (defining "consumer" as

11   "any natural person obligated or allegedly obligated to

12   pay any debt.").  As for the second element, Plaintiff

13   adequately pleads that Defendants "regularly operate as

14   third-party debt collectors. . . ." See 15 U.S.C.

15   1692a(6) (defining "debt collector" as "any person who

16   uses any instrumentality of interstate commerce . . .

17   the principal purposes of which is the collection of any

18   debts, or who regularly collects . . . debts owed . . .

19   .").  Having found the first two elements of an FDCPA

20   claim satisfied, the Court now turns to the third

21   element and assesses whether Plaintiff has sufficiently

22   alleged a violation of the FDCPA.

23        Plaintiff alleges five violations of the FDCPA, but

24   proof of only one violation is sufficient to recover

25   statutory damages.  15 U.S.C. § 1692k(a)(2)(A); see also

26   Greene v. The Rosenberg Grp., LLC, 2019 WL 7900267, at

27   *2 (C.D. Cal. Sept. 30, 2019) (granting default judgment

28   upon a single violation of the FDCPA where there had

1    been several alleged FDCPA violations).  Looking only at
2    Plaintiff's first cause of action, the Court finds that
3    Plaintiff has sufficiently alleged a violation of
4    § 1692d(6).

5        Section 1692d of the FDCPA protects consumers from
6    harassment or abuse by debt collectors.  See 15 U.S.C. §
7    1692d.  Subsection 1692d(6) specifically states that a
8    violation of the FDCPA occurs when debt collectors do
9    not meaningfully disclose their identity during a
10   telephone call.  15 U.S.C. § 1692d(6).  This district
11   has stated that "meaningful disclosure presumably
12   requires that the caller must state his or her name and
13   capacity, and disclose enough information so as not to
14   mislead the recipient as to the purpose of the call or
15   the reason the questions are being asked." Hosseinzadeh
16   v. M.R.S. Assocs., Inc., 387 F. Supp. 2d 1104, 1112
17   (C.D. Cal. 2005) (internal quotation marks and citations
18   omitted).

19       Here, Plaintiff sufficiently alleges that
20   Defendants violated § 1692d(6) by failing to
21   meaningfully disclose their status as debt collectors
22   attempting to collect a debt.  FAC ¶ 16; Mot. 5:11-19.
23   As evidenced by the voicemail that Defendants left
24   Plaintiff, Defendants failed to disclose any identifying
25   information and failed to give information as to the
26   purpose of the call.  See FAC ¶ 8.  Accordingly, Eitel
27   factors two and three weigh in favor of default judgment
28   here and the Court need not analyze Plaintiff's

1   remaining FDCPA violations.

2            c. Factor 4: Sum of Money at Stake

3       Under the fourth Eitel factor, "the court must

4   consider the amount of money at stake in relation to the

5   seriousness of Defendant's conduct." PepsiCo, 238 F.

6   Supp. 2d at 1176.  "Default judgment is disfavored where

7   the sum of money at stake is too large or unreasonable

8   in relation to defendant's conduct." Vogel v. Rite Aid

9   Corp., 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014)

10  (citations omitted).

11      Here, Plaintiff seeks $1,000 in statutory damages,

12  $126.65 in costs, and $13,612 in attorneys' fees for a

13  total of $14,738.65.  Mot. 4:12-13.  The Court finds

14  that this amount is neither too large nor unreasonable

15  and concludes that the fourth Eitel factor weighs in

16  favor of default judgment. See Cunningham v. Meridian

17  Credit Grp., LLC, 2019 WL 643966, at *5 (C.D. Cal. Feb.

18  11, 2019) (finding the fourth Eitel factor to weigh in

19  favor of default judgment where plaintiff sought $16,355

20  for FDCPA violations).

21            d. Factor 5: Dispute of Material Fact

22      The fifth Eitel factor is the likelihood of a

23  dispute as to material facts.  Eitel, 782 F.2d at 1471-

24  72 (citation omitted).  To date, Defendants have not

25  answered or otherwise appeared.  Since Plaintiff's

26  factual allegations are presumed true in this context

27  and Defendants failed to move to set aside the default,

28  no factual dispute exists that would preclude the entry

of default judgment.  See Vogel, 992 F. Supp. 2d at
1013; see also Cunningham, 2019 WL 643966, at *6 ("Since
Defendant failed to answer the Complaint, the Court
finds it unlikely that disputes as to material facts
will arise.").  Thus, this factor weighs in favor of
default judgment.

> e. Factor 6: Excusable Neglect

"The sixth Eitel factor considers the possibility
that the default resulted from excusable neglect."
PepsiCo, 238 F. Supp. 2d at 1177.  This factor favors a
default judgment when the defendant has been properly
served or the plaintiff demonstrates that the defendant
is aware of the lawsuit.  See id.  Here, Defendants were
personally served with notice of this action.  See Proof
of Service, ECF Nos. 30, 32.  Therefore, the possibility
of excusable neglect here is remote and, accordingly,
the sixth Eitel factor weighs in favor of default
judgment.  See Magbanua v. Evans, 2020 WL 2332168, at *7
(C.D. Cal. Feb. 20, 2020) (weighing the sixth Eitel
factor in favor of default judgment where a defendant
was properly served with the complaint); Cunningham,
2019 WL 643966, at *6 (same); Vogel 992 F. Supp. 2d at
1013 (same).

> f. Factor 7: Public Policy

The seventh Eitel factor considers the strong
policy favoring rulings on the merits.  Eitel, 782 F.2d
at 1472 ("Cases should be decided upon their merits
whenever reasonably possible.").  Defendants' choice not

1    to defend themselves renders a decision on the merits
2    "impractical, if not impossible." PepsiCo, 238 F. Supp.
3    2d at 1177.  Therefore, this factor does not preclude
4    the Court from entering default judgment against
5    Defendants.

6        Thus, on balance, the Eitel factors weigh in favor
7    of granting default judgment against Defendants and the
8    Court **GRANTS** Plaintiff's Motion.

9        4.Relief

10       "Once a court concludes that default judgment is
11   appropriate, it must determine what damages or other
12   relief is warranted." Viet Huynh v. Alliant Cap. Mgmt.
13   LLC, 2018 WL 6137145, at *4 (C.D. Cal. Apr. 4, 2018).
14   "A default judgment must not differ in kind from, or
15   exceed in amount, what is demanded in the pleadings."
16   Fed. R. Civ. P. 54(c).  The party seeking default
17   judgment "must 'prove up' the amount of damages."
18   PepsiCo, Inc., 238 F. Supp. 2d 1172, 1177 (C.D. Cal.
19   2002).

20       In his Motion for Default Judgment, Plaintiff
21   seeks: (1) $1,000 in statutory damages; and (2)
22   $13,738.65 in attorneys' fees and costs.  Mot. 16:22-28.
23   Each request for relief is examined in turn below.

24           a.Statutory Damages

25       "The FDCPA provides that any debt collector who
26   violates any provision of the FDCPA is liable for
27   statutory damages of up to $1,000, in addition to any
28   actual damages sustained." Cunningham, 2019 WL 643966,

at *6; 15 U.S.C. § 1692k(a).  In determining these damages, a court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b)(1).

Plaintiff alleges that Defendants "began calling" him on August 1, 2019, but the FAC is silent as to any other communications outside of the August 1, 2019 voicemail that gave rise to this action.  See FAC ¶ 7. Thus, it appears that the August 1, 2019 voicemail was the only communication from Defendants to Plaintiff. However, taking Plaintiff's factual allegations as true, Defendants intentionally misled Plaintiff into believing that there was a pending court order against him that would have suspended all activity with his social security number and name.  See id. ¶ 8.  Given these facts, the Court finds it appropriate to award Plaintiff the maximum of $1,000 in statutory damages.  See Cunningham, 2019 WL 643966, at *6 (awarding maximum statutory damages in an FDCPA action even though defendant's communications to plaintiff were infrequent because defendant had misled plaintiff into believing there was a pending lawsuit against her).

///
///
///

1          b. Attorneys' Fees

2     Local Rule 55-3 states that where attorneys' fees

3  are sought under a statute in a motion for default

4  judgment, fees are calculated according to the schedule

5  provided under Local Rule 55-3.  L.R. 55-3.  Where a

6  party seeks attorneys' fees in excess of the provided

7  schedule, however, they may request the court to fix the

8  attorneys' fees.  Id.  Here, Plaintiff has requested

9  that the Court calculate attorneys' fees using the

10 lodestar method.  Mot. 13:18-14:12.  Because attorneys'

11 fees awards under the FDCPA are generally calculated

12 using the lodestar method, the Court finds that the

13 lodestar method provides for a reasonable basis of

14 calculation here.  Camacho v. Bridgeport Fin., Inc., 523

15 F.3d 973, 978 (9th Cir. 2008) (noting that attorneys'

16 fees under the FDCPA are generally calculated using the

17 lodestar method).

18     Attorneys' fees under the lodestar method are

19 calculated by multiplying the hours reasonably spent on

20 the litigation by a reasonable hourly rate.  See, e.g.,

21 Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th

22 Cir. 2013).  "[R]easonable hourly rates are . . .

23 calculated according to the prevailing market rates in

24 the relevant legal community for similar services by

25 lawyers of reasonably comparable skill, experience, and

26 reputation."  Valentin v. Grant Mercantile Agency, Inc.,

27 2017 WL 6604410, at *9 (E.D. Cal. Dec. 27, 2017) (citing

28 Blum v. Stenson, 465 U.S. 886, 895 (1984)).  The

relevant legal community is the forum in which the
district court sits.  Carson v. Billings Police Dep't,
470 F.3d 889, 891 (9th Cir. 2006).

### i. Reasonable Hours

According to Plaintiff's billing summary,
Plaintiff's counsel, Mr. Amador, spent 32.56 hours on
this Action and his paralegal spent 7.84 hours.  See
generally Mot., Ex. C ("Billing Summary"), ECF No. 37-3.
The Court notes that in other similar actions, Mr.
Amador has spent roughly half the amount of time
preparing his case than compared to here.  See Magbanua,
2020 WL 2332168, at *8 (noting that Mr. Amador spent
13.22 hours working on an FDCPA case); Huynh, 2018 WL
6137145, at *5 (noting that Mr. Amador spent 12.11 hours
working on an FDCPA case).  Still, the Court finds that
the hours spent here were largely necessary given that
Defendants allegedly operated under a fictitious
business name and avoided service of process through
other means.  See Mot. 14:13-15:16.  However, the Court
concludes that the present Motion could have been
effectively drafted in 3.5 hours rather than the 6.5
hours that Mr. Amador purportedly spent.  See
Cunningham, 2019 WL 643966, at *8 (reducing attorneys'
fee award based on belief that a motion for default
judgment could have been drafted in 3.5 hours instead of
4.7); see also Billing Summary.  The Court reduces Mr.
Amador's expended hours to 29.56 (32.56-3) and finds
reasonable that his paralegal spent 7.84 hours on this

1 Action.

2                          ii. <u>Reasonable Rate</u>

3        Plaintiff seeks to recover attorneys' fees billed

4 at $400/hour for attorney time and $75/hour for

5 paralegal time.  Mot. 13:3-6.  Plaintiff cites previous

6 cases where Mr. Amador has been awarded attorneys' fees

7 of $300/hour for attorney work and $50/hour for

8 paralegal work in arguing that the $400/hour and

9 $75/hour billing rates are reasonable.  <u>Id.</u> at 13:14-17.

10 Plaintiff explains that Mr. Amador's rate increased

11 because Mr. Amador has been practicing for eleven years

12 but does not explain the increase in paralegal billing.

13 <u>Id.</u> at 13:13-16.

14        The Court finds that the $400/hour rate for

15 attorney time is proper because it falls within the

16 range of those deemed reasonable in the FDCPA context.

17 <u>See, e.g.,</u> <u>Salazar v. Midwest Servicing Grp., Inc.,</u> 2018

18 WL 4802139, at *6 (C.D. Cal. Oct. 2, 2018) (finding

19 reasonable hourly rates ranging from $450 to $495 in

20 FDCPA case); <u>Yang v. Assisted Credit Servs., Inc.,</u> 2017

21 WL 9939710, at *3 (C.D. Cal. Nov. 7, 2017) (finding

22 reasonable hourly rates of $400 in FDCPA case).  The

23 Court reduces the paralegal rate to $50/hour, however,

24 because Plaintiff does not provide support for the

25 paralegal billing increase.

26        In light of the adjusted hours worked and rates

27 billed, the Court calculates the lodestar figure as

28 $12,216 ((29.56 x 400) + (7.84 x 50)) and awards

attorneys' fees in this amount.

                c. Costs

    Plaintiff requests $126.65 for the cost of service of process.  See Billing Summary.  The Court finds that this cost was reasonably incurred and **GRANTS** Plaintiff's request to recover the costs of this Action.  See Smith v. Ferguson Grp., 2019 WL 850685, at *2 (C.D. Cal. Feb. 21, 2019) (granting costs of FDCPA action where plaintiff sought to recover only the costs of filing and serving the complaint).

### III.  CONCLUSION

    Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Default Judgment against Defendants Definitive Consulting Services LLC and Justin Laurer who are the remaining Defendants in this Action. The Court enters a total judgment of $13,342.65 ($1,000 in statutory damages for FDCPA violation, $12,216 in attorneys' fees, and $126.65 in costs) against Defendants.  Plaintiff shall submit a proposed judgment within **seven (7) days** of the date of this Order, in conformance with the Court's procedures.

**IT IS SO ORDERED.**


DATED: March 24, 2022       /s/ Ronald S.W. Lew
                                **HONORABLE RONALD S.W. LEW**
                                Senior U.S. District Judge